UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

JS - 6

CIVIL MINUTES - GENERAL

| Case No. | CV 12-08485 MMM (FMOx) | Date | October 10, 2012 |
|---|---|---|---|

| Title | *Federal Home Loan Mortgage Corp. v. Eddie Valencia, et al.* |
|---|---|

Present: The Honorable  MARGARET M. MORROW

| ANEL HUERTA | N/A |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| N/A | N/A |

**Proceedings:** Order Remanding Action to Los Angeles Superior Court for Lack of Subject Matter Jurisdiction

On March 15, 2012 plaintiff Federal Home Loan Mortgage Corporation filed an unlawful detainer complaint in Los Angeles Superior Court against defendants Eddie Valencia, Analil Valencia, and certain fictitious defendants.[1] Defendants removed the action to this court on October 3, 2012, invoking the court's jurisdiction under 28 U.S.C. §§ 1332 and 1443(1).[2]

### I. FACTUAL BACKGROUND

The complaint alleges that plaintiff owns the property located at 10534 Amboy Avenue, Pacoima, California 91331, having purchased it at a foreclosure sale.[3] On March 8, 2012, plaintiff

---

[1] Defendant's Notice of Removal ("Removal"), Docket No. 1 (October 3, 2012), Exh. 1 ("Complaint") at 1.

[2] Removal at 1.

[3] Complaint, ¶¶ 7-11.

served a written notice to quit and deliver possession of the property on defendants.[4]  It alleges that defendants continue in possession of the property without its permission or consent.[5]  Consequently, it commenced an unlawful detainer action.

Plaintiff alleges that it is being damaged in an amount equal to the reasonable value of the use and occupancy of the property, to be determined according to proof at trial.[6]  It also seeks restitution and possession of the premises, costs of suit, and any other relief the court deems just and proper.[7]

## II.  DISCUSSION

### A.  Legal Standard Regarding Removal Jurisdiction

Federal courts have a duty to examine their subject matter jurisdiction whether or not the parties raise the issue.  See *United Investors Life Ins. Co. v. Waddell & Reed, Inc.*, 360 F.3d 960, 966 (9th Cir. 2004) ("[A] district court's duty to establish subject matter jurisdiction is not contingent upon the parties' arguments," citing *Mitchell v. Maurer*, 293 U.S. 237, 244 (1934)); see also *Attorneys Trust v. Videotape Computer Products, Inc.*, 93 F.3d 593, 594-95 (9th Cir. 1996) (lack of subject matter jurisdiction may be raised at any time by either party or by the court *sua sponte*); *Thiara v. Kiernan*, No. C06-03503 MJJ, 2006 WL 3065568, *2 (N.D. Cal. Oct. 25, 2006) ("A district court has an independent obligation to examine whether removal jurisdiction exists before deciding any issue on the merits").

Where a case has been removed, the court may remand for lack of subject matter jurisdiction at any time before final judgment.  See 28 U.S.C. § 1447(c) ("If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded").  The court may – indeed must – remand an action *sua sponte* if it determines that it lacks subject matter jurisdiction.  See *Kelton Arms Condominium Owners Ass'n v. Homestead Ins. Co.*, 346 F.3d 1190, 1192 (9th Cir. 2003) ("[W]e have held that the district court must remand if it lacks jurisdiction," citing *Sparta Surgical Corp. v. Nat'l Ass'n Sec. Dealers, Inc.*, 159 F.3d 1209, 1211 (9th Cir. 1998)).  For reasons discussed below, the court lacks subject matter jurisdiction to hear this action and must remand it to Los Angeles Superior Court.

### B.  Whether the Court Has Diversity Jurisdiction to Hear the Action

---

[4]*Id.*, ¶ 12.

[5]*Id.*, ¶¶ 13-14.

[6]*Id.*, ¶ 15.

[7]*Id.* at 4.

"The district courts . . . have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs," and is between citizens of different states.  28 U.S.C. § 1332(a); see also *Matheson v. Progressive Specialty Ins. Co.*, 319 F.3d 1089, 1090 (9th Cir. 2003) ("[J]urisdiction founded on [diversity] requires that the parties be in complete diversity and the amount in controversy exceed $75,000").

In any case where subject matter jurisdiction is premised on diversity, there must be complete diversity, i.e, all plaintiffs must have citizenship different than all defendants.  See *Caterpillar Inc. v. Lewis*, 519 U.S. 61, 68 & n. 3 (1996).  28 U.S.C. § 1441(b) states that "[a]ny . . . action [other than one involving a federal question] shall be removable only if none of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought." Defendants are residents and citizens of California.[8]  Plaintiff has alleged that it is an entity lawfully conducting business in California; it has not alleged its citizenship.[9]  Defendants allege that plaintiff is a citizen of New York.[10]  On the face of the removal petition, therefore, it appears there is complete diversity.

Even if complete diversity of citizenship exists, defendants have not met their burden of demonstrating that the amount in controversy exceeds $75,000.  "[W]hen a state-court complaint affirmatively alleges that the amount in controversy is less than the jurisdictional threshold, the 'party seeking removal must prove with legal certainty that [the] jurisdictional amount is met.'" *Guglielmino v. McKee Foods Corp.*, 506 F.3d 696, 699 (9th Cir. 2007) (quoting *Lowdermilk v. U.S. Bank Nat'l Ass'n*, 479 F.3d 994, 1000 (9th Cir. 2007)).  It is clear from the information in the record that the amount in controversy here does not meet the jurisdictional threshold.  Plaintiff alleges that its damages do not exceed $10,000, and it filed the action as a limited civil case.[11]  See CAL. CODE CIV. PROC. § 86 (classifying cases where the prayer is less than $ 25,000 as limited civil cases).  Given plaintiff's allegation that the amount in controversy does not exceed $75,000, defendants must establish to a legal certainty that the amount in controversy exceeds that $75,000 to demonstrate that the court has diversity jurisdiction to hear the action.

Defendants contend that the amount in controversy should be determined by looking to the value of the property.[12]  In an unlawful detainer action, however, the appropriate measure of damages is the amount sought in the complaint, not the value of the property.  *Federal Nat. Mortg. Ass'n v.*

---

[8]Removal, ¶ 13; Complaint, ¶ 3.

[9]Complaint, ¶ 2.

[10]Removal, ¶ 13.

[11]Complaint at 1.

[12]Removal at 4.

*Lemon*, No. CV 11–03948 DDP (FFMx), 2011 WL 3204344, *2 (C.D. Cal. July 26, 2011) ("[T]he appropriate damages in unlawful detainer actions remains the amount sought in the complaint, not the value of the property itself"); see also *U.S. Bank Nat'l Ass'n v. Marshall-Edward: Mikels*, No. C 11–4687 PJH, 2011 WL 5362082, *2 (N.D. Cal. Nov. 7, 2011) ("The complaint seeks restitution of the premises, damages in the amount of $50.00 per day from August 6, 2010, through the date that defendant remains in possession of the property, plus costs of suit. The amount in controversy is not the assessed value or the sales value of the property, but rather the $50.00 per day that HSBC is seeking in damages. Thus, if HSBC prevails against defendant in the unlawful detainer action, liability will not exceed $75,000.00"); *Skyline Vista Equities, LLC v. Henderson*, No. ED CV 11–1665 PA (AGRx), 2011 WL 5122616, *2 (C.D. Cal. Oct. 25, 2011) ("[T]he amount in controversy is determined by the amount of damages sought in the Complaint, rather than the value of the subject real property"). Although defendants allege that their own damages exceed $75,000, the amount in controversy is determined from the face of the complaint. *Fed. Home Loan Mortg. Corp. v. Madrigal*, No. CV 12-6312, 2012 WL 3867356, *3 (C.D. Cal. Sept. 6, 2012) (citing *Cabot v. Combet–Blanc*, No. CV 10–05728–ODW (AJWx), 2012 WL 95613, *2 (C.D. Cal. Jan.11, 2012)). Consequently, defendants have not met their burden of proving to a legal certainty that the amount in controversy requirement is satisfied. See *Singer v. State Farm Mut. Auto. Ins. Co.*, 116 F.3d 373, 376 (9th Cir. 1997) ("[W]here the plaintiff does not claim damages in excess of [the jurisdictional amount] and the defendant offers 'no facts whatsoever' to show that the amount in controversy exceeds [the jurisdictional amount], then the defendant has not borne the burden on removal of proving that the amount in controversy requirement is satisfied," citing *Gaus v. Miles, Inc.*, 980 F.2d 564, 566–67 (9th Cir. 1992)).

Accordingly, there is no basis for the court's exercise of diversity jurisdiction over this action.

### C.   Whether the Court Has Federal Question Jurisdiction to Hear the Action

#### 1.   Legal Standard for Federal Question Jurisdiction

Under 28 U.S.C. § 1331, district courts "have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." Federal question jurisdiction is presumed absent unless the defendant, as the party seeking to invoke the court's jurisdiction, shows that plaintiff has either alleged a federal cause of action, *American Well Works Co. v. Layne & Bowler Co.*, 241 U.S. 257, 260 (1916) ("a suit arises under the law that creates the action"), a state cause of action that turns on a substantial dispositive issue of federal law, *Franchise Tax Bd. v. Construction Laborers Vacation Trust*, 463 U.S. 1, 9 (1983); *Smith v. Kansas City Title & Trust Co.*, 255 U.S. 180, 199 (1921), or a state cause of action that Congress has transformed into an inherently federal cause of action by completely preempting the field of its subject matter, *Avco Corp. v. Aero Lodge No. 735*, 390 U.S. 557, 560 (1968); *Metropolitan Life Ins. Co. v. Taylor*, 481 U.S. 58, 65 (1987).

Whether a claim "arises under" federal law must be determined by reference to the "well-pleaded complaint." *Franchise Tax Bd.*, 463 U.S. at 9-10. Since a defendant may remove a case

under 28 U.S.C. § 1441(b) only if the claim could have been brought in federal court, the existence of removal jurisdiction must also be determined by reference to the "well-pleaded complaint." *Merrell Dow Pharm., Inc. v. Thompson*, 478 U.S. 804, 808 (1986). The well-pleaded complaint rule makes plaintiff the "master of the claim" for purposes of removal jurisdiction. *Caterpillar, Inc.*, 482 U.S. at 392. Where a plaintiff could maintain claims under both federal and state law, therefore, plaintiff can prevent removal by ignoring the federal claim and alleging only state law claims. *Rains v. Criterion Systems, Inc.*, 80 F.3d 339, 344 (9th Cir. 1996).

For federal question jurisdiction to attach, "a right or immunity created by the Constitution or laws of the United States must be an element, and an essential one, of the plaintiff's cause of action." *Gully v. First Nat'l Bank in Meridian*, 299 U.S. 109, 112 (1936). Only where the "right to relief under state law requires resolution of a substantial question of federal law in dispute between the parties" does a state law cause of action "arise under" the laws of the United States. *Franchise Tax Bd.*, 463 U.S. at 13 (1983). A claim does not present a "substantial question" of federal law merely because a federal question is an "ingredient" of the cause of action. Indeed, "the mere presence of a federal issue in a state cause of action does not automatically confer federal question jurisdiction." *Merrell Dow Pharmaceuticals*, 478 U.S. at 813.

Likewise, it is not enough for removal purposes that a federal question may arise during the litigation in connection with a defense or counterclaim. "[F]ederal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Caterpillar, Inc.*, 482 U.S. at 392. See also *Louisville & Nashville R. Co. v. Mottley*, 211 U.S. 149, 152 (1908). "A defense is not part of a plaintiff's properly pleaded statement of his or her claim." *Rivet v. Regions Bank of La.*, 522 U.S. 470, 475 (1998). See also *Taylor*, 481 U.S. at 63; *Gully*, 299 U.S. at 112 ("To bring a case within the [federal-question removal] statute, a right or immunity created by the Constitution or laws of the United States must be an element, and an essential one, of the plaintiff's cause of action"). Thus, "a case may not be removed to federal court on the basis of a federal defense, . . . even if the defense is anticipated in the plaintiff's complaint, and even if both parties admit that the defense is the only question truly at issue in the case." *Franchise Tax Bd.*, 463 U.S. at 14.

### 2. Whether Federal Question Jurisdiction Exists

Defendants do not argue that federal question jurisdiction is present. No federal question is apparent on the face of plaintiff's complaint, which alleges a single cause of action for unlawful detainer. See *Wells Fargo Bank v. Lapeen*, No. C 11–01932 LB, 2011 WL 2194117, *3 (N.D. Cal., June 6, 2011) ("an unlawful detainer action, on its face, does not arise under federal law but is purely a creature of California law," citing *Wescom Credit Union v. Dudley*, No. CV 10-8203 GAF (SSx), 2010 WL 4916578, *2 (C.D. Cal. Nov. 22, 2010)); *IndyMac Federal Bank, F.S.B. v. Ocampo*, No. EDCV 09-2337 PA (DTBx), 2010 WL 234828, *2 (C.D. Cal. Jan. 13, 2010) (remanding an action to state court for lack of subject matter jurisdiction where plaintiff's complaint contained only an

unlawful detainer claim); *U.S. Bank NA v. Lopez*, NO. C09-05985 HRL, 2009 WL 5218006, *1 (N.D. Cal. Dec. 31, 2009) (same); *Galileo Financial v. Miin Sun Park*, No. EDCV 09-1660 PSG, 2009 WL 3157411, *1 (C.D. Cal. Sept. 24, 2009) ("Here, the complaint only asserts a claim for unlawful detainer, a cause of action that is purely a matter of state law.  Thus, from the face of the complaint, it is clear that no basis for federal question jurisdiction exists").  Because plaintiff's complaint does not present a federal question, the court lacks jurisdiction under 28 U.S.C. § 1331.

### D.     Civil Rights Removal

Defendants contend that removal is proper under 28 U.S.C. § 1443(1), which permits removal by "any person who is denied or cannot enforce in the courts of such State a right under any law providing for the equal civil rights of citizens of the United States. . . ." A petition for removal based on § 1443(1) must satisfy the two-part test articulated by the Supreme Court in *Georgia v. Rachel*, 384 U.S. 780, 788–92 (1966), and *City of Greenwood, Miss. v. Peacock*, 384 U.S. 808, 824–28 (1966).  See *Patel v. Del Taco, Inc.*, 446 F.3d 996, 998–99 (9th Cir. 2006).  "First, the petitioners must assert, as a defense to the prosecution, rights that are given to them by explicit statutory enactment protecting equal racial civil rights." *California v. Sandoval*, 434 F.2d 635, 636 (9th Cir.1970) "Second, petitioners must assert that the state courts will not enforce that right, and that allegation must be supported by reference to a state statute or a constitutional provision that purports to command the state courts to ignore the federal rights." *Id.*

Defendants invoke 42 U.S.C. §§ 1981-1982 as statutes that protect equal civil rights (although they also argue that the court should strike the statutes as racially discriminatory).[13] Section 1981 provides:

> "All persons within the jurisdiction of the United States shall have the same right in every State and Territory to make and enforce contracts, to sue, be parties, give evidence, and to the full and equal benefit of all laws and proceedings for the security of persons and property as is enjoyed by white citizens[.]"  42 U.S.C. § 1981.

Section 1982 provides:

> "All citizens of the United States shall have the same right, in every State and Territory, as is enjoyed by white citizens thereof to inherit, purchase, lease, sell, hold, and convey real and personal property[.]"  42 U.S.C. § 1981.

Construing defendants' notice of removal liberally, the court concludes that they have identified "rights that are given to them by explicit statutory enactment protecting equal racial civil rights,"

---

[13]Removal, ¶ 53; see also *id.*, ¶ 58 ("the statutory racial language of 42 U.S.C. § 1981 and 1982 themselves must be subject to strict scrutiny and this court should order it stricken").

satisfying the first criterion for § 1443(1) removal. *Sandoval*, 434 F.2d at 636.

Defendants fail, however, to fulfill the second criterion. They do not identify any California state law or constitutional provision that commands state courts to ignore their federal rights. Rather, they allege in a vague and conclusory manner that unspecified provisions of the California unlawful detainer and non-judicial foreclosure statutes, as well as California Civil Code §§ 425.16 and 1714.10, were enacted with "express discriminatory intent."[14] This is not sufficient to support removal under § 1443(1). See *Fed. Home Loan Mortg. Corp. v. Cantillano*, No. CV 12-01641, 2012 WL 1193613, *3 (C.D. Cal. Apr. 9, 2012) (finding no basis for removal under § 14431(a) because defendants did "not identify any California state law or California constitutional provision that denies them the opportunity to raise their civil rights in the California courts," but instead argued that "unspecified provisions of the California Civil Code governing non-judicial foreclosures and judicial evictions cause the violation of Hispanics' civil rights in all unlawful detainer proceedings"); *HSBC Bank USA v. Cabal*, No. 10cv1621 WQH (POR), 2010 WL 3769092, *2 (S.D. Cal. Sept. 21, 2010) ("Even if Defendant's claims were based on laws providing for specific civil rights stated in terms of racial equality, his request for removal would fail because he has not alleged that the denial of his federal rights can be predicted [on] a state statute or a constitutional provision[;] . . . rather[,] [he] asserts that California state courts 'systematically trample[ ]' litigant's rights in unlawful detainer actions. . . . This is insufficient to allow removal under § 1443," citing *State of Georgia v. Rachel*, 384 U.S. 780, 792-800 (1966); *Sandoval*, 434 F.2d at 636 ("Bad experiences with the particular court in question will not suffice")).

### III.  CONCLUSION

"The 'strong presumption' against removal jurisdiction means that the defendant always has the burden of establishing that removal is proper." *Gaus*, 980 F.2d at 566. Here, defendants have failed to carry their burden. For the reasons stated, the clerk is directed to remand this case to Los Angeles Superior Court.[15]

---

[14]Removal, ¶ 49.

[15]Defendants apparently appreciate that the removal was improper, as on October 5, 2012, defendant Eddie Valencia filed a pleading captioned "Voluntary Dismissal Federal Removal." He requests that the court dismiss his case in federal court. Although unclear, it appears he wishes the case to proceed in state court.